UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RONNIE LEE BROWN,

      Defendant.
_____/

Case No. 1:08-cr-106

HON. JANET T. NEFF

## **OPINION**

This matter is before the Court on Defendant Ronnie Lee Brown's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 32), based on the 2011 decision in *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011). The Government filed a Response (Dkt 36) contending that Brown's motion for post-conviction relief is time-barred, and in any event, Brown is not entitled to relief pursuant to *Simmons*. The Court has reviewed the parties' submissions and concludes that Brown's motion is properly denied.

I. Background

Brown pled guilty to (1) possession with intent to distribute 50 grams or more of cocaine base ("crack cocaine") in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(D) and 924(c)(2). On October 8, 2008, he was sentenced to 248 months in prison.

Given his conviction under 18 U.S.C. § 924(c), Brown was subject to a mandatory minimum consecutive penalty. His adjusted guideline range was 322-387 months, based on an Adjusted

Offense Level of 34, and a Criminal History Category of VI. Brown's Offense Level was based, in large part, on his categorization as a "career offender" pursuant to U.S.S.G. § 4B1.1. He had five prior drug-related convictions, two of which qualified as a "controlled substance offense" pursuant to U.S.S.G. § 4B1.1. One of those convictions, at issue in Brown's instant motion, concerned a 2002 attempted delivery/manufacture of marijuana in Detroit, Michigan, in violation of MICH. COMP. LAWS § 750.92(3).

## II. Analysis

A one-year limitation period applies to actions under § 2255, and runs from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Brown filed this motion August 20, 2012. He contends his motion is timely under § 2255(f)(3) because he had no apparent relief until *Simmons* was decided August 17, 2011 (Mot., Dkt 32 at 12). Section 2255(f)(3) does not apply here because, as the Government points out, *Simmons* was not a Supreme Court case, and a circuit court opinion cannot restart the one-year clock. Further, *Simmons* is not a "new rule of law" in the Sixth Circuit. *Simmons* merely adopted the position that the Sixth Circuit had previously adopted in *United States v. Pruitt,* 545 F.3d 416 (6th Cir. 2008). *See Simmons,* 659 F.3d at 244 (Fourth Circuit noting that its decision was in

2

accordance with *Pruitt*). Brown's motion is otherwise well beyond the one-year limitations period for § 2255 claims.

Even if not time-barred, Brown's § 2255 motion must be denied because *Simmons* affords no relief to Brown. In *Simmons*, the Fourth Circuit adopted a "particular defendant" rule for determining whether a prior conviction qualifies as a "felony drug offense"; that is, was a drug offense punishable by imprisonment for more than one year under state law, for purposes of the statutory sentencing enhancements in 21 U.S.C. § 841. Neither *Simmons* nor *Pruitt* applies here. Unlike the defendants in those cases, Brown cannot show that the statutory maximum punishment for his predicate conviction, attempted delivery/manufacture marijuana, in violation of MICH. COMP. LAWS § 750.92(3), depended on or would have been affected by his record or any other factual finding. *See, e.g., Albo v. United States*, No. 10-5272, 2012 WL 3740680, at *6 (6th Cir. Aug. 29, 2012) (rejecting *Pruitt* claim on the basis that the defendant's Florida conviction did "not involve a statute similar to the North Carolina statute at issue in that case" in that "[t]he maximum sentence [the defendant] was facing for that crime did not depend on his record or any other factor").

### III. Conclusion

Brown's motion is time-barred, and otherwise fails on the merits because *Simmons* affords him no relief. Brown's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 32) is therefore DENIED.

### IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Brown. RULES GOVERNING § 2255 CASES, Rule 11. The Court must review the

3

issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Upon review, the Court determines that this standard is not met because reasonable jurists could not find it debatable whether Brown's claims are time-barred by the statute of limitations in 28 U.S.C. § 2255(f).

Similarly, with regard to a decision on the merits of a claim, to warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. To the extent that Brown's claims would be rejected on the merits, the Court holds that reasonable jurists could not find that decision debatable or wrong.

Accordingly, a certificate of appealability will be denied. An Order consistent with this Opinion will enter.

DATED: May 15, 2013                    /s/ Janet T. Neff
                                       JANET T. NEFF
                                       United States District Judge

4